IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DALIMA PALMER, *
*
Plaintiff, *
*
vs. * Civil Action No. ADC-16-2636
*
MICHAEL KIRKLAND, *et al.*, *
*
Defendants. *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Defendants, Michael Kirkland, Ross Buzzaro, and Town of Ocean City, Maryland Police Department a/k/a Mayor and City Council of Ocean City ("OCPD") (collectively "Defendants"), move this court to strike Plaintiff's, Dalima Palmer, proffered expert Philicia Jefferson, Ph.D. and/or move to preclude Plaintiff from introducing or referencing her expert opinion evidence in any way at trial ("Defendants' Motion to Strike") (ECF No. 57). Separately, Plaintiff filed a Motion to Compel Discovery Responses ("Plaintiff's Motion to Compel") (ECF No. 59). After considering both Motions and the responses thereto (ECF Nos. 58, 61, 62), the Court finds no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendants' Motion to Strike and DENIES Plaintiff's Motion to Compel.

**BACKGROUND**

On July 20, 2016, Plaintiff filed a Complaint in this Court against Defendants as well as against two unidentified officers, Worcester County, Maryland Sheriff's Office, and the Maryland State Police. ECF No. 1. The underlying events that led to the filing of this action occurred in July 2013, and are not relevant to the current dispute before the Court. On September 24, 2016, Plaintiff filed a First Amended Complaint, ECF No. 4, which Defendants Answered on October 18, 2016, ECF No. 17. On October 18, 2016, Plaintiff filed a Second Amended Complaint. ECF No. 18. On

October 20, 2016, the two unidentified officers and the Maryland State Police filed a Motion to Dismiss the Second Amended Complaint. ECF No. 20. On October 21, 2016, Defendants filed an Answer to Plaintiff's Second Amended Complaint. ECF No. 22. On November 3, 2016, Worcester County, Maryland Sheriff's Office filed a Motion to Dismiss the Second Amended Complaint. ECF No. 24. On November 17, 2016, Plaintiff voluntarily dismissed the Worcester County, Maryland Sheriff's Office. ECF No. 26. On June 23, 2017, this Court granted the two unidentified officers' and Maryland State Police's Motion to Dismiss, terminating them from the case. ECF No. 29.

The only remaining parties are the Defendants, Michael Kirkland, Ross Buzzaro, and OCPD. The case management schedule in this case regarding various discovery deadlines has been modified many times. *See* ECF Nos. 47, 50, 54, 56.[1] As relevant here, Plaintiff's deadline to make her Rule 26(a)(2) disclosures of expert witnesses was June 12, 2019, ECF No. 47, Defendants' deadline to make their Rule 26(a)(2) disclosures was September 30, 2019, ECF No. 50, and the deadline to complete all discovery was July 1, 2020, ECF No. 56.

On June 2, 2020, Plaintiff served on Defendants a "discovery supplement" identifying Philicia Jefferson, Ph.D., as an expert witness in this case and providing Dr. Jefferson's "Forensic Mental Health Evaluation." ECF No. 57-1 at 1–2; ECF No. 57-2. In the report, Dr. Jefferson noted it was based on interviews with Plaintiff that occurred on April 30, 2020, May 20, 2020, and June 1, 2020. ECF No. 57-1 at 2. The report significantly expands Plaintiff's claims and potential damages. As stated above, Plaintiff's deadline to disclose expert witnesses under Rule 26(a)(2)

---

[1] On September 10, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 41.

was almost a year prior to the date of this supplement, and the discovery deadline for the entire case was less than a month from the date the supplement was provided to Defendants.

On July 1, 2020, the date to complete all discovery under the scheduling order, Plaintiff filed a Motion to Compel a more complete response to an interrogatory it had previously served on Defendants. ECF No. 59. Plaintiff had originally served the interrogatories on Defendants in November 2018, and Defendants served their answers on February 15, 2019. ECF No. 62-1 at 2; ECF No. 62-2. The contested interrogatory ("Interrogatory 11") asks Defendants to identify

> any complaint [that] has been made against the Town of Ocean City Police Department and/or its officers in the last ten (10) years, either formally or informally, orally or in writing, concerning the manner in which an arrest has been effectuated, and, if so, identify each and every complaint, including the name and present address of the complainant.

ECF No. 59-1 at 1. Defendants objected to this interrogatory on the bases that it was overbroad, not relevant to the incident, and not likely to lead to relevant information. *Id.* at 2.

On June 17, 2020, Defendants filed their Motion to Strike an untimely disclosed expert witness for Plaintiff. ECF No. 57. Plaintiff filed a Response in Opposition on July 1, 2020, ECF No. 58, to which Defendants replied on July 14, 2020, ECF No. 61. On July 1, 2020, Plaintiff filed her Motion to Compel a more complete discovery response to Interrogatory 11. ECF No. 59. Defendants filed a Response in Opposition on July 15, 2020, ECF No. 62, and Plaintiff filed a reply on July 29, 2020, ECF No. 66. These matters are now fully briefed, and the Court has reviewed both Motions and the responses thereto.

## DISCUSSION

### A. Defendants' Motion to Strike

The Court first addresses Defendants' Motion to Strike. Defendants argue Plaintiff's proffered expert Dr. Jefferson was submitted almost a year past Plaintiff's deadline to designate

expert witnesses, and her proffered report opens the door to new claims and damages Plaintiff will seek, even though almost all discovery had occurred and discovery formally closed in this case on July 1, 2020, less than a month after Plaintiff identified this new expert. ECF No. 57-1 at 2. Plaintiff argues her failure to timely disclose Dr. Jefferson as an expert witness was harmless. ECF No. 58-1 at 4–5. The Court agrees with Defendants.

Federal Rule of Civil Procedure 26 requires that parties disclose the identities of those they intend to call as expert witnesses at trial. FED.R.CIV.P. 26(a)(2)(A). In this case, the deadline for Plaintiff to make these disclosures was June 12, 2019. *See* ECF No. 47. When a party fails to make a timely disclosure under Rule 26, Rule 37 states "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c)(1). In deciding whether a failure to disclose is harmless, a court must consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Gomez v. Haystax Tech., Inc.*, 761 F.App'x 220, 229 (4th Cir. 2019) (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). "The first four factors . . . relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." *Id.* (quoting *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017)). The district court has broad discretion regarding balancing the five factors. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (citing *S. States*, 318 F.3d at 597). The non-disclosing party "bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Gomez*, 761 F.App'x at 229–30 (quoting *Bresler*, 855 F.3d at 190).

Plaintiff contends her failure to timely disclose Dr. Jefferson as an expert witness was harmless because "[a] trial has not yet been scheduled for this case," and "Defense counsel is likely to file motions for summary judgment on the issue of liability." ECF No. 58-1 at 4. The underlying events giving rise to this case occurred in 2013. In her Response in Opposition to Defendants' Motion to Strike, Plaintiff states that in October 2019—four months after her deadline to provide expert witnesses—she listed Dr. Jefferson in an answer to an interrogatory in which she identified "a number of medical professionals" she had seen after the 2013 events. *Id.* at 1–2. Plaintiff did not attempt to contact Dr. Jefferson until after she had answered Defendants' interrogatories. *Id.* at 2 ("After responding to discovery, the undersigned counsel attempted to contact Dr. Jefferson via phone and by letter."). Plaintiff's counsel was not able to reach Dr. Jefferson until April 16, 2020. *Id.* at 3. As stated, Plaintiff did not inform Defendants she intended to use Dr. Jefferson as an expert witness until June 2, 2020.

Plaintiff's sudden June 2 disclosure could not have been reasonably foreseeable to the Defendants because it occurred (1) almost a year after Plaintiff's deadline for such disclosures, (2) less than one month before the final discovery deadline in this case, and (3) months after Defendants' own deadline to name rebuttal expert witnesses. Understandably, this disclosure did indeed surprise Defendants who would have had difficulty addressing the new expert and the resulting expansion of Plaintiff's claims and damages before the July 1, 2020, discovery deadline, *See* ECF No. 57-1 at 6–7, which as of the docketing of this Opinion has not been extended.

Plaintiff offered no real explanation for her delay in contacting Dr. Jefferson. While she did explain that it took several months to obtain correct contact information for Dr. Jefferson, she declined to address why she did not even attempt to contact Dr. Jefferson until months after her own expert disclosures were due. *See* ECF No. 58-1 at 2–3 (stating that Plaintiff's first attempt to

contact Dr. Jefferson was via a letter dated January 16, 2020). Plaintiff has failed to substantially justify her delay in disclosure. Accordingly, because of the surprise to Defendants, the difficulty to cure the surprise, and Plaintiff's lack of justification for the delay, Defendant's Motion to Strike is granted.

**B. Plaintiff's Motion to Compel**

The Court next addressed Plaintiff's Motion to Compel. Plaintiff argues Interrogatory 11 is important for her to establish municipal liability against Defendants, ECF No. 59-1 at 2, and that Plaintiff did not waive her right to dispute Defendants' objection to the interrogatory by failing to timely raise the issue, ECF No. 66 at 2. Defendants argue that under the Local Rules of this Court, Plaintiff had thirty days to dispute their response objecting to Interrogatory 11, which they served to Plaintiff on February 15, 2019, and she waived her right to dispute by failing to raise the issue until March 5, 2020. ECF No. 62-1 at 3–4. The Court agrees with Defendants.

Under the Federal Rules of Civil Procedure, each interrogatory must be answered fully to the extent the receiving party does not object to it, and the grounds for an objection must be stated with specificity. FED.R.CIV.P. 33(b)(3)–(4). Under Rule 37, a party seeking discovery may file a motion to compel when a party fails to answer an interrogatory. FED.R.CIV.P. 37(a)(3)(B)(iii). The United States District Court for the District of Maryland's Local Rules provide "[i]f a party who has propounded interrogatories or requests for production is dissatisfied with the response to them . . . that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response." Loc.R. 104.8(a) (D.Md. 2018). The Local Rules allow parties to give one another extensions of time to serve such disputes to insufficient responses. *See id.*

Here, as stated above, Plaintiff served interrogatories on Defendants in November 2018. Defendants responded to such interrogatories on February 15, 2019, including Interrogatory 11, to

which they objected on the grounds it was overbroad, irrelevant, and not likely to lead to relevant information. Plaintiff did not communicate her dissatisfaction with Defendants' response objecting to Interrogatory 11 until more than a year after receiving it, on March 5, 2020. This March 5, 2020, communication was provided to the Court as Exhibits to Plaintiff's Motion to Compel together with the parties' subsequent discussion regarding Interrogatory 11, during which the parties could not agree on a final version of a revised interrogatory to which Defendants did not object. *See* ECF Nos. 59-4–59-5.

This issue merely requires a straightforward application of Rule 37 read alongside our Local Rules. Plaintiff had thirty days to note her dispute of Defendants' response objecting to Interrogatory 11. Instead, Plaintiff waited over a year to raise this dispute to Defendants. Plaintiff, therefore, waived her opportunity to file a motion to compel for the Court to resolve by failing to file one timely within thirty days or within a time extension granted by Defendants. *See* Loc.R. 104.8(a). As stated previously, the scheduled discovery deadline for this case passed on July 1, 2020, the day Plaintiff filed her Motion to Compel. Accordingly, Plaintiff's Motion to Compel is DENIED.

## CONCLUSION

For the reasons stated in this Memorandum Opinion, Defendants' Motion to Strike (ECF No. 57) is GRANTED. Additionally, Plaintiff's Motion to Compel (ECF No. 59) is DENIED. A separate Order will follow.

Date: July 31, 2020

/s/
A. David Copperthite
United States Magistrate Judge